NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
Case No. 2023-0153
Citation: Newfound Serenity, LLC v. Town of Hebron, 2024 N.H. 13

NEWFOUND SERENITY, LLC

v.

TOWN OF HEBRON

Submitted: November 8, 2023
Opinion Issued: April 3, 2024

Dale R. Spaulding, non-attorney representative appearing by approval of the Supreme Court under Rule 33(2), on the brief, for the plaintiff.

Drummond Woodsum & MacMahon, of Manchester (HariNarayan Grandy on the memorandum of law), for the defendant.

MACDONALD, C.J.

[¶1] The plaintiff, Newfound Serenity, LLC, sought review of an adverse Town of Hebron Planning Board decision. It appealed the Planning Board's decision to both the Housing Appeals Board (HAB) and the Town's Zoning Board of Adjustment (ZBA). The HAB dismissed the appeal as untimely. When the ZBA concluded its review, the plaintiff filed a complaint in superior court,

seeking review of both the Planning Board and ZBA decisions. Based on the HAB's initial dismissal, the Superior Court (Bornstein, J.) dismissed the plaintiff's complaint in its entirety.

[¶2] Because we conclude that the superior court's dismissal is inconsistent with the statutes governing appeals from planning board decisions, we reverse.

I.    Background

[¶3] The following facts were found by the trial court or are otherwise supported by the record. The plaintiff sought site plan approval from the Town's Planning Board for a seasonal recreational vehicle park. On April 6, 2022, the Planning Board denied the plaintiff's site plan application based on seven reasons.

[¶4] On May 9, 2022, the plaintiff filed an appeal of the Planning Board's decision with the HAB. Because the appeal was filed outside the statutory thirty-day appeal period, the HAB determined that it lacked jurisdiction and dismissed the case on June 17, 2022. See RSA 677:15, I (2016); RSA 679:9, I (Supp. 2023) ("Appeals to the [HAB] shall be consistent with appeals to the superior court pursuant to RSA 677:4 through RSA 677:16."). The plaintiff did not appeal the HAB's decision. See RSA 679:15 (Supp. 2023) (providing that decisions of the HAB may be appealed to the supreme court).

[¶5] The plaintiff also appealed the Planning Board's decision to the Town's ZBA. On August 16, 2022, the ZBA overturned four of the Planning Board's reasons for denying the site plan application, upheld one reason, and deemed that it did not have statutory authority to address the other two reasons. On October 11, 2022, the ZBA denied the plaintiff's request for a rehearing.

[¶6] On October 27, 2022, the plaintiff filed a complaint in superior court appealing the decisions of the Planning Board and the ZBA. The Town moved to dismiss. The Town argued that the plaintiff effectively bifurcated its initial appeal such that the ZBA would review the Planning Board's reasons for denial related to the zoning ordinance and the HAB would review the reasons for denial falling outside the ZBA's jurisdiction. The Town asserted that because two of the Planning Board's reasons for denying site plan approval were exclusively within the HAB's statutory authority to review and because the HAB dismissed the plaintiff's appeal as untimely, and the plaintiff did not appeal the dismissal to this court, the Planning Board's decision as to those issues became final. Therefore, the Town asserted, even if the superior court were to reverse the ZBA's decision, such a reversal would be moot because the Planning Board's denial based on the two other reasons would remain effective. The Town also argued that because the plaintiff appealed the Planning Board

2

decision in part to the HAB, the plaintiff waived its right to bring an action in superior court. The trial court agreed with the Town and granted the motion to dismiss. The plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II.    Analysis

[¶7] On appeal, the plaintiff argues, among other things, that the trial court erred: (1) when it ruled that, under RSA 679:7, the plaintiff waived its right to bring an action in superior court; and (2) in determining that "any decision that would be made with respect to the ZBA appeal is moot." (Bolding omitted.) Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Riverbend Condo Ass'n v. Groundhog Landscaping & Prop. Maint., 173 N.H. 372, 374 (2020).

[¶8] Resolving the plaintiff's appeal requires that we engage in interpretation of statutes governing appeals from planning board decisions. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We review the trial court's statutory interpretation de novo. Id. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

[¶9] RSA 677:15, I, provides that "[a]ny persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable." See also RSA 679:9, I (procedure for HAB appeals). "Such petition shall be presented to the court within 30 days after the date upon which the board voted to approve or disapprove the application." RSA 677:15, I.

[¶10] However, RSA 677:15, I, "shall not apply to planning board decisions appealable to the board of adjustment pursuant to RSA 676:5, III." Id. Rather, RSA 677:15, I-a(a) provides that "[i]f an aggrieved party desires to appeal a decision of the planning board, and if any of the matters to be appealed are appealable to the board of adjustment under RSA 676:5, III, such matters shall be appealed to the board of adjustment before any appeal is taken to the superior court under this section." RSA 677:15, I-a(a) (2016) (emphasis added); see RSA 679:9, I.

3

[¶11] "If any party appeals any part of the planning board's decision to the superior court before all matters appealed to the board of adjustment have been resolved, the court shall stay the appeal until resolution of such matters." RSA 677:15, I-a(a). "After the final resolution of all such matters appealed to the board of adjustment, any aggrieved party may appeal to the superior court, by petition, any or all matters concerning the subdivision or site plan decided by the planning board or the board of adjustment." Id. "The petition shall be presented to the superior court within 30 days after the board of adjustment's denial of a motion for rehearing under RSA 677:3, subject to the provisions of [RSA 677:15, I]." Id.

[¶12] Thus, by their plain terms, the statutes require that issues arising from a planning board decision that are appealable to the ZBA must be resolved by the ZBA before an appeal can be taken to superior court or the HAB. In this case, the ZBA finally resolved the plaintiff's appeal with its dismissal of the motion for rehearing on October 11, 2022. On October 27, 2022, the plaintiff filed its complaint in superior court appealing the Planning Board and ZBA decisions. That complaint was otherwise timely and proper under the statute.

[¶13] The question then becomes: what is the effect of the plaintiff's initial appeal to the HAB? That appeal was filed more than thirty days after the Planning Board's decision, and, consequently, the HAB dismissed it as untimely. The trial court effectively gave the HAB's decision preclusive effect as to both appeals from the Planning Board and the ZBA.

[¶14] We conclude that the trial court's decision is inconsistent with the statutory scheme. Read as a whole, the applicable statutes contemplate final resolution of zoning-related issues by the ZBA before an appeal of a planning board decision to superior court (or the HAB) becomes timely. The objective is plain: exhaustion of ZBA remedies avoids serial litigation and potentially inconsistent outcomes arising from a single site plan application.

[¶15] Therefore, in light of this objective and under the plain language of the statutes, the plaintiff's initial appeal to the HAB was not late; instead, it was premature. Indeed, had the HAB accepted the initial appeal, it would have been required to stay the matter pending the ZBA appeal. See RSA 677:15, I-a(a). We decline to conclude, under these facts, that the dismissal of a premature appeal by the HAB while the ZBA appeal was pending forecloses the plaintiff from pursuing its complaint in superior court.

Reversed.

HANTZ MARCONI and DONOVAN, JJ., concurred.

4